IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EASEMENTS TO CONSTRUCT, OPERATE, AND MAINTAIN A NATURAL GAS PIPELINE OVER TRACTS OF LAND IN ROCKINGHAM COUNTY, GUILFORD COUNTY, AND ALAMANCE COUNTY NORTH CAROLINA, *et al.*,<br><br>Defendants. | Civil Action No. 1:21-cv-47 |

### ANSWER, OBJECTIONS, AND DEFENSES OF DEFENDANTS SANDRA STRADER AND GARRY STRADER

NOW COME Defendants Sandra Strader and Garry Strader, (herein, "Landowners") by and through counsel, and file this Answer, Objections, and Defenses to Plaintiff's Complaint pursuant to Rule 71.1 (e) of the Federal Rules of Civil Procedure, and states as follows:

I. **Rule 71.1 (e)(2)(A) and (B) Statements – Defendants' Interests in Property**

Pursuant to Rule 71.1(e)(2), subsections (A) and (B), Landowners hereby identify the real property in which they claim ownership interest as follows:

(A) Landowners own the property described in the deed(s) and land records set forth in paragraph 78 of the Complaint. (Compl., ECF Doc. 1, pp. 76-77.) Landowners' property is further portrayed in Exhibit 69 to the Complaint. (ECF Doc. 1-69.)

(B) The nature and extent of Landowners' interest in such property is in fee simple.

## II. Rule 71.1(e) Answer of Defendant Landowners

1. Landowners admit that on June 18, 2020, the Federal Energy Regulatory Commission ("FERC") issued a Certificate Order granting Plaintiff (herein, "MVP") a conditional and limited certificate. The FERC Certificate speaks for itself. Except as expressly admitted, Landowners deny the remaining allegations of Paragraph 1.

2. Landowners admit the FERC Certificate, which speaks for itself, was attached to the Complaint as Exhibit 1.

3. Upon information and belief, Landowners deny that the MVP Pipeline is needed, increases access, or meets a public demand. Except as expressly admitted, Landowners deny the remaining allegations of Paragraph 3.

4. Upon information and belief, Landowners deny condemnation is necessary or proper, or that MVP has met the conditions that might grant the right

to condemn Landowners' property interests under the FERC Certificate. Except as expressly admitted, Landowners deny the remaining allegations of Paragraph 4.

5. Paragraph 5 of the Complaint asserts legal conclusions, to which no answer is required. Except as expressly admitted, Landowners lack sufficient knowledge to respond, and therefore deny the remaining allegations of Paragraph 5.

6. Landowners admit the amount they are entitled to for damage to property exceeds $3,000. Except as expressly admitted, Landowners lack sufficient knowledge to respond regarding other properties, and therefore deny the remaining allegations of Paragraph 6.

7. Landowners admit that the property is located in the Middle District of North Carolina. The remainder of Paragraph 7 of the Complaint asserts legal conclusions, to which no answer is required. Except as expressly admitted, Landowners lack sufficient knowledge to respond, and therefore deny the remaining allegations of Paragraph 7.

8. Paragraph 8 of the Complaint asserts legal conclusions, to which no answer is required. Landowners specifically deny that MVP is a "natural-gas company" as provided by statute, and deny that FERC has concluded MVP is a "natural-gas company" within the meaning of cited federal statutes. Except as expressly admitted, Landowners lack sufficient knowledge to respond, and therefore deny the remaining allegations of Paragraph 8.

9 to 93. Paragraphs 9 through 93 of the Complaint allege facts relating to

ownership interests of each of the various defendants and certain real properties described therein. Landowners admit that to being the fee simple owner of the tracts that appear to be identified in Paragraph 78 of the Complaint. Landowners lack sufficient knowledge to know the accuracy of the depictions, measurements, representations, or exhibits in Paragraph 78 or any subparts thereto, or Exhibit 69 to the Complaint, and therefore deny the remaining allegations of Paragraph 78s and any Exhibits thereto. Landowners lack sufficient knowledge to respond regarding allegations characterizing other properties or owners, and therefore deny the remaining allegations of Paragraph 9 through 93, generally.

94. Landowners admit that FERC entered a Certificate Order as alleged in paragraph 94 of the Complaint, to which order Landowners object and assert defenses for the reasons set forth in herein below. Landowners state that the FERC Certificate, Exhibit 1, speaks for itself as to any findings by FERC and deny any remaining allegations of Paragraph 94.

95. Landowners expressly deny that the Pipeline will meet a public demand for gas in North Carolina and deny any remaining allegations of Paragraph 95.

96. To the extent that Paragraph 96 of the Complaint asserts legal conclusions, no answer is required. Landowners deny the characterization of the FERC Certificate, which speaks for itself. Except as expressly admitted, Landowners lack sufficient knowledge to respond, and therefore deny the remaining allegations of Paragraph 96.

97. Upon information and belief, Landowners deny easements by condemnation are necessary or proper, or that MVP has met the conditions that might grant the right to condemn, or possess, Landowners' property interests under the FERC Certificate. Except as expressly admitted, Landowners deny the remaining allegations of Paragraph 97.

98. Landowners lack sufficient knowledge to respond, and therefore deny the allegations of Paragraph 98.

99. Landowners lack sufficient knowledge to respond, and therefore deny the allegations of Paragraph 99.

100. To the extent that Paragraph 100 of the Complaint asserts legal conclusions, no answer is required. Landowners deny the remaining allegations of Paragraph 100.

101. Landowners deny the characterization of the FERC Certificate, which speaks for itself. Landowners expressly deny that MVP is entitled to possess Landowners' property, or that MVP is currently entitled to construct, operate, or maintain any pipeline. Landowners affirmatively claim that the property and property rights MVP seeks to acquire in the Complaint are unnecessary under law. Landowners further affirmatively state that MVP's filings lack the specificity required under Fed. R. Civ. P. 71.1 and this action should be dismissed. MVP's maps and alignment sheets have insufficient descriptions to transfer on the public records the real property rights sought in this proceeding, and Landowners deny that all

easements are located over and along the route as certificated by the FERC.

102. Landowners lack sufficient information to respond to the allegations of Paragraph 102, or Subparts (a) through (f). These claims are impermissibly vague, and Landowners seek a more definite statement from Plaintiff of any easements, equipment, facilities or appurtenances regarding Landowners' property and parcels immediately adjacent thereto. Landowners expressly deny that MVP is entitled to possess Landowners' property, or that MVP is currently entitled to construct, operate, or maintain any pipeline. Except as expressly admitted, Landowners deny the remaining allegations of Paragraph 102.

103. Landowners lack sufficient information to respond to the allegations of Paragraph 103, or to answer to the extent that this paragraph asserts legal claims or conclusions. Landowners expressly deny any limitations, burdens and obligations upon them as asserted. Landowners expressly deny that MVP is entitled to possess Landowners' property, or that MVP is currently entitled to construct, operate, or maintain any pipeline. Except as expressly admitted, Landowners deny the remaining allegations of Paragraph 103.

104. Landowners deny any and all allegations of fact not specifically admitted herein, and the relief sought in the Complaint.

## III. Rule 71.1 (e)(2)(C) – Defendants' Objections and Defenses to the Taking

Pursuant to FRCP Rule 71.1 (e)(2)(C), Landowners object to the relief requested in MVP's Complaint, and assert the following as specific objections and defenses to any taking by eminent domain of their property and property rights:

1. MVP has failed to meet the several conditions and requirements of the Certificate Order granting MVP a Section (e) conditional and limited certificate necessary for the proposed Extension Pipeline.

2. MVP has not obtained the necessary approvals and permits (the "Permits") which are conditions precedent in the Certificate Order, specifically including:

    a. A permit required under § 404 of the Clean Water Act, 33 U.S.C. § 1344, following input from the Army Corps of Engineers Norfolk District;

    b. A valid permit from the Army Corps of Engineers for crossings wetlands along the proposed pipeline path in West Virginia, Virginia, and North Carolina;

    c. A permit or authorization from FERC to bore under streams and wetlands in West Virginia;

    d. A permit and/or final approval required under § 106 of the National Historic Preservation Act, 54 U.S.C. § 306108, from the authorized, granting agencies in Virginia and North Carolina, respectively;

e. MVP has failed to secure the restoration of permits on the MVP Mainline System with the Bureau of Land Management and the U.S. Forest Service, which permits are necessary to lift certain Orders to stop work. These permits and orders prevent MVP from continuing construction of the remaining portions of its MVP Mainline System to which the Southgate Extension Pipeline must conditionally connect;

f. A lawful permit from the North Carolina Department of Environmental Quality pursuant to §401 of the Clean Water Act. MVP previously applied for such a permit, but the application was explicitly denied on or about 11 August 2020. MVP has failed to even apply for a qualifying permit.

3. MVP has failed to satisfy the legal requirements and conditions precedent to exercise any condemnation powers potentially granted by its limited and conditional certification by FERC.

4. MVP cannot establish any substantive right of eminent domain because the FERC Certificate Order remains conditional under subsection (e) of the NGA, without prior authorization and lawful permitting from FERC, US Forest Service, US Army Corps of Engineers, the Virginia and North Carolina Departments of Environmental Quality, respectively, and as set forth herein.

5. FERC intervenors in related actions request that FERC deny MVP's request for an extension of time to place the Mainline Pipeline into service. MVP

should therefore not be allowed to proceed with the right of eminent domain in this Extension Pipeline unless and until the MVP Mainline is properly permitted, authorized, installed, and in lawful operation.

6. This action for the acquisition of permanent easements and other property rights from Landowner through the exercise of the extraordinary governmental right of eminent domain under Section (h) of the Natural Gas Act, 15 USC 717f should be stayed until litigation affecting the Mainline Pipeline has completed, and the Mainline completes construction and is safely and lawfully placed in service.

7. The Complaint describes rights to be acquired in Owners' property that exceed the rights granted by the NGA or by the FERC Certificate Order, including, without limitation, the right to use Owners' private roads and property to access proposed easements.

8. The MVP Southgate Project, as proposed and claimed by Plaintiff, violates Section 4(f) of the U.S. Department of Transportation Act, 49 U.S.C. § 303 and 23 U.S.C. § 138.

9. MVP has failed to describe easement areas in sufficient detail to adhere to minimal requirements to transfer real property interests and provide actual or constructive notice to the public under federal or North Carolina law.

10. The delegation of certain powers purported by the NGA are unlawful and unconstitutional as applied.

11. Landowner reserves its right to make further objections and assert further defenses to this purported taking which may be developed through discovery prior to any hearing or trial.

12. Plaintiff's proposed Project violates the Fifth, Ninth, Tenth, and Fourteenth Amendments of the U.S. Constitution.

## IV. Defendants' Demand for Just Compensation and Jury Trial

Subject to and without waiving the foregoing objections and defenses, Landowners are entitled to and hereby demand a determination of Just Compensation, and the right for trial by jury to determine Just Compensation, as permitted by law.

WHEREFORE, Landowners and Defendants Sandra Strader and Garry Strader pray this Court sustain the objections and dismiss this action as provided by Federal Rule of Civil Procedure Rule 71.1(i).

Alternatively, and in the absence of dismissal, Landowners request full and just compensation, to be determined in a jury trial on all issues of compensation. Landowners seek all such other and further relief this Court deems just and proper.

Respectfully submitted, this the 15th day of March, 2021.

/s/ Shiloh Daum
NC Bar No. 33611
*Counsel for SANDRA STRADER and GARRY STRADER*
Sever-Storey, LLP
301 N. Main St., Suite 2400
Winston Salem NC 27101
Phone: 336-245-1155
Email: Shiloh@LandownersAttorneys.com

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **ANSWER, OBJECTIONS, AND DEFENSES OF DEFENDANTS SANDRA STRADER AND GARRY STRADER** with the Clerk of Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to the Plaintiff and all CM/ECF Participants as provided by Fed. R. Civ. P. 5(b)(2)(e).

Respectfully submitted, this the 15th day of March, 2021.

/s/ Shiloh Daum
NC Bar No. 33611
*Counsel for SANDRA STRADER and GARRY STRADER*
Sever-Storey, LLP
301 N. Main St., Suite 2400
Winston Salem NC 27101
Phone: 336-245-1155
Email: Shiloh@LandownersAttorneys.com